UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | Civ. No. S-13-2534 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| LAKE TAHOE PARTNERS, et al., | |
| Defendants. | |

       The motion to dismiss for lack of subject matter jurisdiction filed by defendant Spindleshanks, Inc. (Spindleshanks) is currently pending before the court.  Plaintiff Scott Johnson has opposed the motion.   After considering the parties' arguments, the court GRANTS the motion.

I. BACKGROUND

       In a complaint filed December 9, 2013, plaintiff alleges he is a level C-5 quadriplegic, unable to walk, with significant manual dexterity impairments.  He uses a wheelchair and a specially equipped van. Compl., ECF No. 1 ¶ 1.  Spindleshanks is a restaurant in Kings Beach, California. *Id*. ¶ 2.  Plaintiff travels to and from Lake Tahoe on a regular basis and in October 2013, he stopped for dinner at Spindleshanks. *Id*. ¶ 14.  The parking lot does not have a van accessible handicapped parking space; its only handicapped space is not adequate in several ways; there is a ramp leading from the parking lot to the restaurant's entrance, but it has a

1

1  lip at the bottom greater than half an inch and a hand rail on only one side; the entrance door to
2  the restroom has a knob that requires grasping and twisting to operate; and the men's restroom
3  has a cabinet-style sink without knee clearance for wheelchair users.  *Id*. ¶¶ 9-13.  These barriers
4  caused plaintiff difficulties and discomfort and have deterred him from visiting the restaurant
5  again.  *Id*. ¶¶ 14-15.
6        Plaintiff names two defendants, Spindleshanks and Lake Tahoe Partners, LLC,
7  identified as a California limited liability company, and alleges four causes of action:  (1) a
8  violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.; (2) a
9  violation of the Unruh Civil Rights Act, CAL. CIV. CODE § 51; (3) a violation of the Disabled
10 Persons Act, CAL. CIV. CODE § 54, *et seq*.; and (4) negligence.  *Id*.
11       On January 9, 2014, plaintiff filed a first amended complaint, changing the
12 designation of the first defendant to Lake Tahoe Partners, LLC, a Nevada limited liability
13 corporation.  ECF Nos. 4, 5.  This amendment was stricken because it did not comply with Rule
14 15 of the Federal Rules of Civil Procedure.  ECF No. 6.
15       Spindleshanks answered the complaint on January 31, 2014.  ECF No. 7.
16       On March 21, 2014, plaintiff filed a return of service showing that service of
17 summons and complaint was made on Lake Tahoe Partners LLC in Incline Village, Nevada, on
18 February 13, 2014.  ECF No. 9.  Lake Tahoe Partners has not appeared in the action.
19       On May 7, 2014, the court directed plaintiff to show cause why the case against
20 Lake Tahoe Partners should not be dismissed for failure to prosecute or failure timely to effect
21 service.  ECF No. 18.  Plaintiff has not responded.
22 II. ANALYSIS
23     A. Standard
24       Federal courts are courts of limited jurisdiction and, until proven otherwise, cases
25 lie outside the jurisdiction of the court.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.
26 375, 377–78 (1994).  Lack of subject matter jurisdiction may be challenged by either party or
27 raised *sua sponte* by the court.  FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also*
28 *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983).  A Rule 12(b)(1) jurisdictional

1  attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a
2  facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming
3  all the allegations are true and construing the complaint in the light most favorable to plaintiff.
4  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

5          By contrast, in a factual attack, the challenger provides evidence that an alleged
6  fact is false resulting in a lack of subject matter jurisdiction.  *Id*.  In these circumstances, the
7  allegations are not presumed to be true and "the district court is not restricted to the face of the
8  pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual
9  disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560
10 (9th Cir. 1988).  "Once the moving party has converted the motion to dismiss into a factual
11 motion by presenting affidavits or other evidence properly brought before the court, the party
12 opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of
13 establishing subject matter jurisdiction."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,
14 1039 n.2 (9th Cir. 2003).

15         Spindleshanks has submitted the declaration of Steven Marks, its president.  Decl.
16 of Steven Marks, ECF No. 10-1.  He avers that Spindleshanks operated the restaurant in Kings
17 Beach, but is not the owner of the property.  *Id*. ¶ 2.  He further avers that on March 30, 2014,
18 Spindleshanks "unconditionally vacated the Premises and permanently closed the restaurant on
19 the property."  *Id*. ¶ 3.  He says on information and belief that the owner has obtained a
20 demolition permit and intends to construct residential timeshare units on the property.  *Id*. ¶ 4.

21         Plaintiff objects to the portion of Marks' declaration based on "information and
22 belief" and what he has been told about the owner's plans to demolish the building.  ECF No. 13
23 at 1, 4.  This objection is well taken.  *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.
24 1986) (stating that affidavit submitted in connection with a Rule 12(b)(1) motion must be made
25 on personal knowledge).  The court also declines to consider plaintiff's statement in his
26 memorandum of points and authorities, that demolition of the property has not begun.
27 /////
28 /////

B. The ADA Requirements and the Evidence in this Case

The ADA, 42 U.S.C. § 12101, *et seq.*, was adopted to address discrimination against individuals with disabilities. *Chapman v. Pier One Imports*, 631 F.3d 939, 945 (9th Cir. 2011). Title III of the Act, which applies to places of public accommodation, requires owners, lessors or lessees of such facilities, built or altered after 1993, to ensure that the facilities are "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. § 12183(a)(2); *Rush v. Kim*, 908 F. Supp. 2d 1117, 1119 (C.D. Cal. 2012). "In general, a facility is 'readily accessible to and usable by individuals with disabilities' if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines' or 'ADAAG,' which is essentially an encyclopedia of design standards." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *Kohler v. Flava Enter., Inc.*, 826 F. Supp. 2d 1221, 1226 (S.D. Cal. 2011). Injunctive relief is the only remedy available under Title III of the ADA.

Spindleshanks argues because it has vacated the premises, the ADA claim against it is moot and the court should decline to exercise its supplemental jurisdiction to hear the state law claims. ECF No. 10. Plaintiff appears to concede that the claim is moot as to Spindleshanks, but says this court should retain jurisdiction over the state law claims because the ADA claim against Lake Tahoe Partners is still viable. ECF No. 13. In reply Spindleshanks argues there is no viable ADA claim against anyone because of the differences between the entities named in the complaint and served with summons. ECF No. 15.

"'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 ( 1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Accordingly, a case becomes moot when there is no longer a reasonable expectation the violation will recur and when there are no existing effects of the alleged violation. *Id*. The court lacks subject matter jurisdiction when the controversy before it becomes moot. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Northwest Envtl.Def. Ctr. v. Gordon*,

849 F.2d 1241, 1244 (9th Cir. 1988). Courts have found ADA cases to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants. *See Kohler v. Southland Foods, Inc.*, 459 F. App'x 617 (9th Cir. 2011) (unpublished) (affirming district court's determination that ADA action was moot when defendant closed the restaurant that was the subject of the ADA action); *Steelman v. Hoch*, No. 4:12CV79 JAR, 2012 WL 4513864, at *1 (E.D. Mo. Oct. 1. 2012) (ADA claim moot when defendant was selling the premises and the restaurant tenant was no longer in business); *Baltimore Neighborhoods, Inc. v. LOB Inc.*, 92 F. Supp. 2d 456, 462 (D. Md. 2000) (ADA claim moot when allegedly inaccessible model unit was closed with no plans to reopen it).

This court's jurisdiction over this case is based on the ADA claim, while the state law claims were brought within the court's supplemental jurisdiction. Generally, "[a] federal district court with power to hear state law claims has discretion to keep, or decline to keep, [the state law claims] under the conditions set out in § 1367(c)." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000, *as supplemented by* 121 F.3d 714 (9th Cir. 1997). Plaintiff argues the state law claims are intertwined with the ADA claim against Lake Tahoe Partners and so this court should retain jurisdiction.

In deciding whether to exercise supplemental jurisdiction, a court should consider judicial economy, convenience, fairness, and comity. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although plaintiff has pleaded a claim against an entity it calls Lake Tahoe Partners, it is not clear it has either named or served the correct party. Lake Tahoe Partners has not appeared in the action and nothing suggests plaintiff has taken any steps to clarify whether the entity served is the proper defendant or whether service on the Nevada entity was proper. *See* ECF No. 12 at 3 ("Plaintiff is reviewing the service of the Nevada Defendant to make sure service is proper."). Moreover, plaintiff has not responded to the court's order to show cause, directing him to explain why he has not timely and properly effected service.

Under Rule 4(m) of the Federal Rules of Civil Procedure, service on defendants must be made within 120 days of the filing of the complaint. Service of process is the mechanism by which a court "acquires the power to enforce a judgment against the defendant's person or

property." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation & internal quotation omitted).  If a plaintiff does not show good cause for failure timely to effect service, the court has the discretion to dismiss the complaint.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  It is plaintiff's burden to demonstrate good cause.  *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), *superseded on other grounds by Rule 4(m) as recognized in Wise v. Dept. of Defense*, 196 F.R.D. 52 (S.D. Ohio 1999).  "At a minimum, 'good cause' means excusable neglect."  *Full Circle Sales, Inc. v. Organic Alliance, Inc.*, No. 10-CV-01615 LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010).

Here, the docket does reflect service on Lake Tahoe Partners' office manager at 774 Mays Blvd., Incline Village, NV, with a copy of the summons and complaint mailed to the place of business.  ECF No. 9.  Plaintiff has presented nothing suggesting the office manager is "an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B).  Moreover, "service by mail to a general corporate address is not sufficient."  *Belle v. Chase Home Fin. LLC*, No. 06CV2454 WQH (LSP), 2007 WL 1518341, at *3 (S.D. Cal. May 22, 2007).  Even assuming the office manager was a proper person, there is no indication the mailed copy was specifically directed to a corporate officer.

Under Rule 4(h)(1)(A), service on a corporation, partnership or association is proper if the service is proper under state law.  "[S]ervice upon Nevada corporations is proper only if the summons and complaint are delivered to the registered agent of the corporation or any officer of the corporation."  *Willis v. City of Las Vegas*, No. 2:12–CV–01214–APG, 2014 WL 1308816, at *6 (D. Nev. Mar. 31, 2014).  Once again, plaintiff has not shown that the office manager is the registered agent for service or a corporate officer of Lake Tahoe Partners.  Because plaintiff has not timely effected service, the court dismisses Lake Tahoe Partners from the action.  And because Lake Tahoe Partners is no longer a defendant, there is no basis for this court to retain supplemental jurisdiction of plaintiff's state law claims.

/////

/////

6

IT IS THEREFORE ORDERED that:

1. Spindleshanks' motion to dismiss, ECF No. 10, is granted and it is dismissed as a defendant in the action;
2. Lake Tahoe Partners LLC is dismissed as a defendant in this action for plaintiff's failure to properly and timely effect service;
3. The case is closed.

DATED: June 5, 2014.

_____
UNITED STATES DISTRICT JUDGE