UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | Civ. No. S-13-2534 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| LAKE TAHOE PARTNERS, et al., | |
| Defendants. | |

Plaintiff's motion to set aside the judgment entered June 5, 2014 is currently pending before the court. The court ordered the matter submitted without argument and now DENIES the motion.

I. BACKGROUND

In a complaint filed December 9, 2013, plaintiff alleged he is a level C-5 quadriplegic, unable to walk, with significant manual dexterity impairments. He uses a wheelchair and a specially equipped van. Compl., ECF No. 1 ¶ 1. Spindleshanks is a restaurant in Kings Beach, California. *Id*. ¶ 2. Plaintiff travels to and from Lake Tahoe on a regular basis; in October 2013, he stopped for dinner at Spindleshanks. *Id*. ¶ 14. The parking lot does not have a van accessible handicapped parking space; its only handicapped space is not adequate in several ways; there is a ramp leading from the parking lot to the restaurant's entrance, but it has a lip at the bottom greater than half an inch and a hand rail on only one side; the entrance door to the

1

1    restroom has a knob that requires grasping and twisting to operate; and the men's restroom has a
2    cabinet-style sink without knee clearance for wheelchair users. *Id*. ¶¶ 9-13.  These barriers
3    caused plaintiff difficulties and discomfort and have deterred him from visiting the restaurant
4    again. *Id*. ¶¶ 14-15.

5          Plaintiff named two defendants, Spindleshanks and Lake Tahoe Partners LLC,
6    identified as a California limited liability company, and alleged four causes of action: (1) a
7    violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*.; (2) a
8    violation of the Unruh Civil Rights Act, CAL. CIV. CODE § 51; (3) a violation of the Disabled
9    Persons Act, CAL. CIV. CODE § 54, *et seq*.; and (4) negligence. *Id*.

10         On January 9, 2014, plaintiff filed a first amended complaint, changing the
11   designation of the first defendant to Lake Tahoe Partners LLC, a Nevada limited liability
12   corporation. ECF Nos. 4, 5. This amendment was stricken because it did not comply with Rule
13   15 of the Federal Rules of Civil Procedure. ECF No. 6.

14         Spindleshanks answered the complaint on January 31, 2014. ECF No. 7.

15         On March 21, 2014, plaintiff filed a return of service showing that service of
16   summons and complaint was made on Lake Tahoe Partners LLC in Incline Village, Nevada, on
17   February 13, 2014. ECF No. 9. Lake Tahoe Partners has not appeared in the action.

18         On April 3, 2014, defendant Spindleshanks filed a motion to dismiss, alleging that
19   the restaurant has closed, mooting plaintiff's claim for injunctive relief under the ADA and asking
20   that the court decline to exercise supplemental jurisdiction over the state-law claims. ECF No.
21   10. Plaintiff opposed the motion, arguing that because the case could proceed against Lake Tahoe
22   Partners, the property owner, the state claims against Spindleshanks could also proceed. ECF No.
23   13.

24         On May 7, 2014, while the motion to dismiss was pending, the court directed
25   plaintiff to show cause why the case against Lake Tahoe Partners should not be dismissed for
26   failure to prosecute or failure timely to effect service. ECF No. 18. Plaintiff did not respond.

27         On June 5, 2014, the court dismissed the action, finding the ADA claim against
28   Spindleshanks moot and also finding that plaintiff had failed to show he had properly named or

served Lake Tahoe Partners within the time provided by Rule 4(m) of the Federal Rules of Civil Procedure.  ECF No. 19.

On June 13, 2014, plaintiff filed a motion to set aside the judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure.

II.  ANALYSIS

Plaintiff argues the judgment was the result of his counsel's "compounded mistake" in not realizing the First Amended Complaint had been stricken for untimeliness and thereafter proceeding as if the document had been properly filed.  ECF No. 21 at 3.  He says his belief is supported by the fact that he used the same header, naming Lake Tahoe Partners, a Nevada corporation, in subsequent filings and also attempted to serve the Nevada corporation.  *Id*. at 3 & n.1.  Plaintiff says defendant will not be prejudiced because it stipulated to plaintiff's filing an amended complaint, properly naming Lake Tahoe Partners.

Defendant has presented evidence showing counsel was aware that the amended complaint had not been accepted.  ECF No. 22 at 6-8 & Decl. of Bryan L. Hawkins and Anthony DeCristoforo, ECF Nos. 22-1, 22-3.  Defendant also argues that plaintiff has not acknowledged the court's Order to Show Cause or plaintiff's failure timely to serve the correct entity.

Under Rule 60(b)(1) of the Federal Rules of Civil Procedure, the court "may relieve a party or its legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect."  A mistake sufficient to justify setting aside a judgment does not include "[e]rrors resulting from a lawyer's ignorance, carelessness, or intentional misconduct." *Reynolds v. Lomas*, 554 Fed. App'x 548, 549 (9th Cir. 2014) (unpublished).  "Excusable neglect" under Rule 60(b)(1) includes situations where a failure to act "'is attributable to negligence,'" and "'omissions caused by carelessness.'"  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 394 (1993).  In evaluating "excusable neglect," the court should consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Id*.

/////

1    The court here finds neither mistake nor excusable neglect.  Plaintiff does not
2 acknowledge that the case was dismissed because he made no attempt to serve Lake Tahoe
3 Partners, a California corporation, only an ineffective attempt to serve Lake Tahoe Partners, a
4 Nevada corporation, and no attempt to demonstrate good cause for his failure timely to serve the
5 proper party, whatever its state of incorporation.  As plaintiff has not addressed this failure, he has
6 not shown that the judgment should be set aside.
7    IT IS THEREFORE ORDERED that plaintiff's motion to set aside the judgment,
8 ECF No. 21, is denied.
9 DATED:  July 23, 2014.

_____
UNITED STATES DISTRICT JUDGE